[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12969
Non-Argument Calendar
_____

D.C. Docket No. 0:11-cv-62119-WPD


KANTI PONAMGI,

Plaintiff-Appellant,

versus


SAFEGUARD SERVICES, LLC,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 6, 2014)


Before PRYOR, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Kanti Ponamgi appeals the district court's grant of summary judgment to Safeguard Services, LLC (Safeguard), as to her claims of gender discrimination under the Equal Pay Act, 29 U.S.C. § 206(d) (EPA).  After review,[1] we affirm the district court's grant of summary judgment.

## I.  BACKGROUND

Ponamgi, a female, was employed by Safeguard from June 2006 until May 2011 as an "Insurance Specialist III," more commonly known as a data analyst. Safeguard's former program director, Barbara Atlas, explained that data analysts were paid varying salaries within established ranges based on their skills and experience.  Atlas stated that Ponamgi's work performance was subpar, and her starting salary was justified based on the fact she had the least prior relevant experience of all employees hired as an Insurance Specialist III.  Ponamgi's responsibilities were extremely limited and distinct from all other data analysts in her classification due to her limited skills and experience.  These statements were all confirmed by Chris Anghelescu, one of Ponamgi's former supervisors.

Atlas also explained Safeguard hired new employees at a more competitive salary after it received a substantial contract in 2009 (the Zone 7 contract), which created a pay disparity between old and new employees.  The evidence confirmed that Safeguard discussed internally the need to attract and retain more qualified

---

[1] We review *de novo* a district court's grant of summary judgment.  *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002).

individuals and proposed increasing salaries to accomplish that goal.  Old employees' salaries were not increased in line with the new compensation policy.

Of employees designated as an Insurance Specialist III, a female hired in December 2006 was the highest paid employee in 2009 and 2010.  The ten next highest paid employees were hired in, or later than, October 2009.  The lowest paid employee was a male hired in September 2000.  The only male hired prior to October 2009 paid more than Ponamgi had a salary of $50,000, as compared to Ponamgi's salary of $47,500.

## II.  DISCUSSION

Ponamgi asserts the district court improperly evaluated Safeguard's motion for summary judgment through the burden-shifting regime of *McDonnell Douglas*.[2]  She contends Safeguard's assertion that new employees' salaries were higher because of the Zone 7 contract is insufficient to support a grant of summary judgment.  As to the experience argument, she argues Safeguard did not substantiate its claim the new employees had sufficient experience to justify the pay disparity.  Conversely, the evidence shows Ponamgi has significant experience and qualifications to color her claim of discrimination.

---

[2] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

3

To establish a prima facie case of discrimination under the EPA, a plaintiff must show that her employer paid employees of the opposite sex more for equal work on jobs that require equal skill, effort, and responsibility, and that are performed under similar working conditions. 29 U.S.C. § 206(d)(1). Once a plaintiff establishes a prima facie case, the employer may avoid liability by proving by a preponderance of the evidence that the pay differences are based on any factor other than sex. *Steger v. Gen. Elec. Co.*, 318 F.3d 1066, 1078 (11th Cir. 2003). The burden to prove this affirmative defense is heavy and it must be demonstrated that gender provided no basis for the difference in wages. *Id.* An employer may consider factors that constitute unique characteristics of the same job such as: (1) an individual's experience, training, or ability; or (2) special exigent circumstances connected with the business. *Id.* Evidence of an employer's routine practices is relevant to prove that its conduct at a particular time conformed to its routine practices. *Id.* If the employer meets its burden, the employee must rebut the explanation by showing with affirmative evidence that the employer's offered explanation is pretextual or offered as a post-event justification for a gender-based difference. *Id.*

The district court did not err in granting summary judgment in favor of Safeguard. Even if Ponamgi could establish a prima facie case of gender discrimination under the EPA, the evidence shows the salary disparity was based

4

upon factors other than gender.  *See* 29 U.S.C. § 206(d)(1).  First, Ponamgi possessed limited technical skills, could not perform the same work as her coworkers, and had the least prior experience in data analysis at her position.  Second, all of the male employees that were paid more than Ponamgi were hired after the award of the Zone 7 contract and corresponding increase in starting salary, or had the same salary that Ponamgi started with and would have been receiving were it not for her poor performance review in 2010.

Ponamgi has not produced affirmative evidence to contradict Safeguard's defense and prove that her lower salary was based on her gender.  *See Steger*, 318 F.3d at 1078.  Although Ponamgi argues that the district court improperly evaluated Safeguard's motion for summary judgment through *McDonnell Douglas*, the court did not rely upon *McDonnell Douglas* in evaluating her claim and the record does not support her assertion.  Although she asserts her experience and qualifications warranted higher pay, this argument does not contradict Safeguard's assertions the pay disparity was based upon her coworkers' superior experience and skill, and market exigencies.   Accordingly, we affirm the district court.[3]

**AFFIRMED.**

---

[3] Ponamgi does not raise any specific arguments as to her motion to alter or amend judgment in her brief and that argument is thus abandoned.  *See Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989).

5